UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ronald Zakrzewski,

    Plaintiff(s),                 Case No. 2:09-CV-14606

v.                               HONORABLE STEPHEN J. MURPHY, III

Norfolk Southern Railway Company,

    Defendant(s).
                                       /

## SCHEDULING ORDER AND STANDING ORDER FOR CIVIL CASES

### I. SCHEDULING ORDER

This cause having come before the Court pursuant to Rule 16, Fed. R. Civ. P., the Court therefore enters the following schedule controlling the progress of this case:

**IT IS HEREBY ORDERED** as follows:

| | |
|---|---|
| **EXPERT WITNESSES:** Rule 26(a)(2) expert witness disclosures must be made by:<br><br>If this space is blank, by 90 days before the trial date, or 30 days for pure rebuttal witnesses, unless the parties stipulate otherwise. | |
| **DISCOVERY** shall be fully completed by:<br><br>Expert witness discovery shall be completed by this date or by 30 days after the date for expert witness disclosures, whichever is later. | 7/30/10 |
| **PRETRIAL MOTIONS**[1] must be filed by:<br><br>See text below for motion requirements. Also refer to the Court's motion practice guidelines, online at:<br>http://www.mied.uscourts.gov/Judges/guidelines/index.cfm?judgeID=32 | 9/10/10 |
| **MEDIATION:** Any stipulation for mediation shall be filed by: | |
| Case will be ordered to mediation: | Yes ( )    No ( ) |

---

[1]Joinder of new parties or amendment of the pleadings shall occur only by order of the Court.

| | |
|---|---|
| **WITNESSES** to be called at trial, other than expert witnesses, shall all be listed by:<br><br>If this space is blank, witnesses must be listed in the Joint Final Pretrial Order. | |
| **JOINT FINAL PRETRIAL ORDER** shall be proposed by:<br><br>If this space is blank, one week before the final pretrial conference.<br><br>All pretrial disclosures required by Federal Rule of Civil Procedure Rule 26(a)(3) shall be made by this date, and incorporated into the joint final pretrial order. *All requirements of Local Rule 16.2 must be complied with.* | 1/19/11 |
| **EXCHANGE OF EXHIBITS** shall occur by:<br><br>or by the start of trial, whichever is earlier. | |
| **MOTIONS IN LIMINE** must be filed by:<br><br>If this space is blank, 10 days before the trial date. | |
| **TRIAL BRIEFS and PROPOSED JURY INSTRUCTIONS** must be filed by:<br><br>If this space is blank, 5 days before the trial date.<br><br>For the court's reference, each proposed jury instruction must be accompanied by a citation to the legal authority that supports it. The court may request briefing or oral argument on the contents of jury instructions. | |
| **FINAL PRETRIAL CONFERENCE** is scheduled for:<br><br>The Final Pretrial Conference, as provided in Rule 16(e), must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. Because a main focus of the Final Pretrial Conference will be on settlement, counsel must bring their clients and any persons with full settlement authority with them to the conference. | 1/26/11 at 2:00 PM |
| **TRIAL:**<br><br>This case will be scheduled for trial during a thirty day lagging trial docket period. It is counsel's responsibility in all cases after they have been notified of a trial term to contact deputy clerk Alissa Greer, 313-234-2681, to ascertain the status of the trial docket. | 2/1/11 at 9:00 AM |
| **TRIAL TYPE:** | JURY (X)    BENCH ( ) |

**YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES.**

The parties may, by stipulation filed on the docket, adjourn the deadlines for expert witness disclosures, exchange of witness lists and exhibits, and the close of discovery.  But in no case shall discovery close later than the Joint Final Pretrial Order is due, nor shall expert witness disclosures take place less than 90 days before the trial date (30 for pure rebuttal witnesses), nor shall witness lists be exchanged later than the date the Joint Final Pretrial Order is due, nor shall the exchange of exhibits take place later than the start of trial.  **All other dates set herein shall be adjourned only on motion, and only for good cause shown.**

## II. STANDING ORDER FOR CIVIL CASES

A.  <u>Cover Pages of Filings</u>

The first page of motions, briefs, proposed orders, and any other filings should state only (1) the case caption, consisting of the names of the Court and the parties as well as the case number, and (2) below the caption, the title of the document being filed. For an example, see the caption and title of this order.  **Cover pages of filings may never contain extraneous matters such as a listing of counsel or "at a session" language commonly found in state court filings.**

B.  <u>Discovery Disputes</u>

As a last resort before filing discovery motions, the parties may place a conference call to Judge Murphy's chambers for assistance in resolving their dispute informally. All discovery motions filed on the docket will be referred to a magistrate judge.

C.  <u>Courtesy Copies</u>

1.  One judge's courtesy copy of all filings that exceed twelve pages in length

(including exhibits), and those filings that have any color documents that are relevant to the relief sought, must be submitted to the Judge on paper. **Delivery of courtesy copies shall be made by first class mail, or by hand to the inbox outside the main chambers door. For security reasons, couriers will not be admitted into chambers.**

2. All exhibits must be properly tabbed and all papers must be firmly bound, usually along the left margin, i.e., "book style." Whatever binding method is used must ensure that the papers will lie flat upon a desk even when the pages are opened. For both courtesy copies and documents submitted electronically, good practice requires that in appropriate cases, relevant portions of lengthy documents be highlighted. Counsel should be sure that the same portions are highlighted in both electronic filings and in courtesy copies.

D. <u>Briefing Schedules</u>

**Briefing schedules for all motions are set by Local Rule 7.1(d) and will not be entered on the docket unless the Court orders a deviation from that schedule.**

E. <u>Summary Judgment</u>

1. The "facts" section of a brief in support of motions for summary judgment shall consist of a statement of undisputed facts sufficient to support judgment for the movant, listing each fact in a separately numbered paragraph with citations to specific pages in the record or accompanying affidavits. **The statement of undisputed facts counts against the page limit for the brief. No separate narrative facts section shall be permitted.**

2. The facts section of the response brief must be in the form of a counter-statement of disputed facts, listing in separately numbered paragraphs, with specific citations to the record or affidavits, each of the facts in the movant's statement that are disputed. The counter-statement of disputed facts must identify, by paragraph number, the facts in the movant's statement of undisputed facts that are disputed by the opposing party. Statements of fact that are not disputed need not be addressed in the counter-statement. In similar form, the counter-statement my also include additional facts, disputed or undisputed, that require a denial of the motion.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated: February 24, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 24, 2010, by electronic and/or ordinary mail.

        Alissa Greer
        Case Manager